**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TONY CHANEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 11-399-JJB-DLD** |
| **RACES AND ACES, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiff's motion to vacate the order granting the motion to dismiss The Old Evangeline Downs, L.L.C. (incorrectly named Races and Aces) and Scherell Brown for failure to timely serve (rec. doc. 81), which is unopposed and has been referred to the undersigned for a report and recommendation (rec. doc. 82).

**Factual Background**

Plaintiff's complaint alleges that on June 15, 2010, while sitting on the horse racing side of The Old Evangeline Downs casino at 8:30 a.m., waiting for that part of the casino to open at 11:00 a.m., he was approached by security guard, Peter Cook, and asked to move (rec. doc. 1). After moving to another section of the horse racing side of the casino, plaintiff was informed by Cook that "We Reserve the Right to Refuse Service" and that plaintiff should leave because the police had been called by the casino. Id. Plaintiff was later arrested by West Baton Rouge Parish Deputy Kenneth Albarez and transported to the West Baton Rouge Parish jail. In the process of the arrest, defendant Albarez allegedly called plaintiff a "John" and a "Nigg_," forced him to listen to loud music, and threw away personal items that belonged to plaintiff. Id. While in custody at the jail, plaintiff was allegedly held in isolation until he agreed to submit to DNA testing, was involved in a fight

with other inmates that resulted in a permanent disability, and was held without being informed of the charges against him. The complaint alleges that West Baton Rouge Parish District Attorney Richard Ward, Jr. charged and prosecuted plaintiff for crimes that are "not recognized in Louisiana jurisprudence" based on fraudulent "Affidavits of Probable Cause" executed by defendant Ward and defendant Patty Webb, an individual employed by the West Baton Rouge Parish Sheriff's Office. The complaint also alleges that Tracer Security, Inc. and Races and Aces/The Old Evangeline Downs, L.L.C. and its employees failed to respond to subpoenas issued in connection with plaintiff's criminal prosecution that would have provided "proof of the existence or non-existence of any criminal activity and the fraudulent activities of Peter Cook, Scherell Brown, Patty Webb, and Kenneth Albarez." Id.

On June 14, 2011, plaintiff filed a civil rights action against various defendants, including Races and Aces/The Old Evangeline Downs, L.L.C., Tracer Security, Inc., Peter Cook, Vanassa Johnson, Scherell Brown, West Baton Rouge Deputy Kenneth Albarez, West Baton Rouge District Attorney Richard J. Ward, Jr., Patty Webb, West Baton Rouge Sheriff Mike Caze, and 1 Unknown Correctional Employee (rec. doc. 1).[1] Plaintiff seeks declaratory relief and damages for various civil rights violations and for personal injuries sustained while in custody. Id. Additionally, plaintiff seeks class certification pursuant to La. Code Civ. P. Art. 591.

---

[1] Defendants as named in the complaint are as follows: Races and Aces [The Old Evangeline Downs], Tracer Security, Inc., Peter Cook, in his individual capacity, Vanassa "Cookie" Johnson, individually and in her official capacity as assistant manger of Races and Aces, Scherell Brown, in her individual capacity, West Baton Rouge Deputy Kenneth Albarez, individually and in his official capacity, West Baton Rouge District Attorney, Richard J. Ward, Jr., for the Eighteenth Judicial District, Parish Of West Baton Rouge Parish, in his official capacity, Patty Webb, individually and in her official capacity, West Baton Rouge Sheriff Mike Caze, in his official Capacity, and 1 unknown Correctional Employee.

After filing suit, plaintiff made several attempts to serve Races and Aces/The Old Evangeline Downs, Scherell Brown, and Vanassa Johnson[2] by serving Michael W. Howard, who plaintiff alleged to be the manager and agent for service of process of Races and Aces (rec. doc. 40, 43). Plaintiff made service on Lillian McKinney, Human Resources Director, who accepted service for Michael Howard.[3] On November 7, 2011, The Old Evangeline Downs and Scherell Brown filed a motion to dismiss for failure to serve (rec. doc. 44). Plaintiff filed an opposition to the motion to dismiss (rec. doc. 71). On December 21, 2011, plaintiff filed a motion for default judgment against Vanassa "Cookie" Johnson (rec. doc. 74).

On January 13, 2012, the court found that plaintiff had been given several opportunities to correct the services issues, but that he had failed to make proper service on either The Old Evangeline Downs or Scherell Brown within the 120 days allowed by the Federal Rules of Civil Procedure; therefore, the motion to dismiss was granted (rec. doc. 77). Additionally, the court found that the motion for default judgment "suffers from the same defects in service;" therefore, the motion for default judgment was denied. Id. Shortly after the motion to dismiss was granted, plaintiff filed a proof of service indicating that a private process server served Races and Aces through its registered agent, CT Corporation, at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808, on January 17, 2012 (rec. doc. 79).

---

[2] Scherell Brown and Vanassa Johnson are alleged to be employees of Races and Aces/The Old Evangeline Downs (rec. doc. 1).

[3] Plaintiff filed several proofs of service into the record, including the United States Marshal service return on "Scherelle [sic] Brown (thru Michael Howard)"(rec. doc. 66); United States Marshal service return on "Michael W. Howard (Agent for Races & Aces, Inc.)"(rec. doc. 67); and United States Marshal service return on "Vanassa 'Cookie' Johnson (thru Michael Howard)"(rec. doc. 69). All three service receipts reflected that service was made on defendants by serving "Lillian J. McKinney, Director of Human Resources who accepted service for Michael Howard" (rec. docs. 66, 67, 68).

On February 7, 2012, plaintiff filed a motion to vacate the order granting the motion to dismiss, (rec. doc. 81), which has been referred to the undersigned for a report and recommendation (rec. doc. 83).

**Discussion**

The issue central to the motion to vacate the order granting the motion to dismiss is whether plaintiff timely and properly served defendants pursuant to the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 4(h)[4] and La. Code Civ. P. Art. 1264, proper service on The Old Evangeline Downs, L.L.C. is achieved by personally serving its agent

---

[4] Federal Rule of Civil Procedure 4(h) provides as follows:
**Serving a Corporation, Partnership, or Association**. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

appointed for service of process.  Pursuant to Fed. R. Civ. P. 4(e)[5], proper service on Scherell Brown is achieved through personal service.

**Motion to Dismiss - The Old Evangeline Downs and Scherell Brown**

Federal Rule of Civil Procedure 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Millan v. USAA General Indemnity Company*, 546 F.3d 321 (5th Cir. 2008), *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id.* To establish good cause, the plaintiff has the burden of demonstrating "at least as much as would be required to show excusable neglect ..." *Newby V. Enron Corp.,* 284 Fed. Appx. 146 (5th Cir. 2008), citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters*, 776 F.2d at 1306. In addition, "some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncomplaince within the time specified' is normally required." Id.

---

[5] Federal Rule Civil Procedure 4(e) provides as follows:
**Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

However, even if the plaintiff lacks good cause, a discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993). If the applicable statute of limitations would bar the refiled litigation, a dismissal without prejudice becomes, in effect, a dismissal with prejudice, and the Fifth Circuit has held that a dismissal without prejudice under Rule 4(m) would be reviewed under the same heightened standard used to review a dismissal with prejudice. *See* Millan v. USAA General Indem. Co., 546 F.3d 321, at 326 (5th Cir. 2008), *citing Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)

Plaintiff argues in his motion to vacate that he should have been granted an extension of time to serve defendants because he had "good cause" for his failure to serve defendants. Plaintiff argues that he made multiple attempts to serve "Michael Howard," the "agent listed with the corporation division of the State of Louisiana for service of process" for The Old Evangeline Downs, but that the agent has been evading service; therefore, plaintiff was forced to serve Human Resource Director, Lillian McKinney. Further, plaintiff represents that he served Races and Aces/The Old Evangeline Downs through CT Corporation, its agent for service of process, on January 17, 2012 (rec. doc. 81). Next, plaintiff very generally argues that even if he fails to show good cause, the court should exercise its discretion and grant him an extension of time to serve because the applicable statute of limitations would bar a re-filed action, defendants had notice of the claims in the suit, defendants have attempted to evade service, and defendants would not be prejudiced by excusing the plaintiff from the time constraints of Rule 4. Id.

Plaintiff's representation that he served Races and Aces/The Old Evangeline Downs through its agent for service of process on January 17, 2012, just 5 days after the motion to dismiss was granted, is uncontested by defendant Races and Aces/The Old Evangeline Downs and the motion to vacate is unopposed; therefore, there is good cause to grant the motion to vacate. However, in light of the court's review of plaintiff's claims against Races and Aces/The Old Evangeline Downs and Scherell Brown pursuant to 28 U.S.C. §1915(e), plaintiff's claims against these defendants should be dismissed as frivolous.

**Dismissal of Claims Pursuant to 28 U.S.C. §1915(e)**

Under 28 U.S.C. §1915(e), this court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. See *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An action or a claim is properly dismiss as frivolous if it lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). Section 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See *Neitzke v. Williams*, 490 U.S. 328. Plaintiff's claims may be dismissed without leave to amend if it is clear that the deficiencies could not be cured by an amendment. *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995), citing *Wilson v. Zimmerman*, 2008 WL 2699740 (E.D. La. 2008).

Plaintiff alleges that Scherell Brown and Vanassa Johnson are employees of Races and Aces/The Old Evangeline Downs. Plaintiff asserts the same factual allegations and

claims against The Old Evangeline Downs, Vanassa Johnson, and Scherell Brown; therefore, the court will review the claims asserted against these three defendants together.

Plaintiff alleges in his complaint that The Old Evangeline Downs and its employee Vanassa Johnson intentionally refused to produce video tapes to law enforcement authorities pursuant to a subpoena as proof of the existence or non-existence of any criminal activity and fraudulent activities of Peter Cook, Scherell Brown, Patty Webb, and Kenneth Albarez and that Scherell Brown intentionally and with malice either called the police or instructed Peter Cook to call the police and falsely alleged that plaintiff had committed a crime, all actions of the defendants were alleged to have been taken "with the specific intent to deprive the plaintiff of his rights guaranteed by the state and federal constitution" (rec. doc. 1, ¶. 5). Plaintiff also alleges that The Old Evangeline Downs "knowingly and intentionally conspired to deprive the plaintiff of his civil rights ... by refusing to produce exculpable evidence extinguishing the criminal prosecution that was tainted by false testimony." (Id., ¶37).

In his prayer for relief, plaintiff seeks that the actions of all defendants be declared in violation of 28 U.S.C. §1331, §1343, §2201, §2201, and 42 U.S.C. §1983, §1985(3), §1986, §1988, and 18 U.S.C. §241, §242, 42 U.S.C. §14141 and plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and La. Civil Code Articles 2315, 2316, and 2320. Plaintiff also seek damages against various defendants, including Races and Aces/The Old Evangeline Downs and Scherell Brown for violations of plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the Commerce Clause of the Federal Constitution and La. Civil Code Articles 2315, 2316, and 2320 (rec. doc. 1).

First, Section 1983 provides a remedy only if the deprivation of federal rights takes place "under color of state law." See *Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005), citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed. 2d 482 (1982).[6] In *Lugar*, the Supreme Court set forth a two-part test for determining whether the deprivation of a federal right could fairly be attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," and "[t]his may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Id. at 937, 102 S.Ct. 2744. Generally speaking, private individuals are not considered to act "under color of state law," i.e., are not "state actors." Id. However, a private individual who is involved in a conspiracy or joint activity with a state actor may be found to be acting under the color of state law for purposes of Section 1983 in some cases. See *Ballard*, 413 F.3d at 519.

Whether the defendants acted "under the color of law" and are subject to liability under Section 1983 depends on plaintiff's allegations. With respect to Scherell Brown and Vanassa Johnson, plaintiff alleges that they violated his civil rights by failing to produce video surveillance (Vanassa Johnson) and by making false allegations (Scherell Brown). Scherell Brown and Vanassa Johnson are private citizens, not state actors; therefore, they

---

[6] Section 1983 provides a remedy if the deprivation of federal rights takes place "under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory," more commonly known as the "under color of state law" or "state action" requirement. *Ballard,* 413 F.3d at 518.

are not subject to liability under Section 1983. Plaintiff's claims against Scherell Brown and Vanassa Johnson pursuant to Section 1983 should be dismissed as frivolous.

With respect to Races and Aces/The Old Evangeline Downs, plaintiff alleges as follows:

37.

> **RACES AND ACES, [THE OLD EVANGELINE DOWNS]** knowingly and intentionally conspired to deprive the plaintiff of his civil rights guaranteed by the federal and state constitutions by refusing to produce exculpable evidence extinguishing the criminal prosecution that was tainted by false testimony. With avarice and malice the defendant intentionally engaged in a conspiracy to deprive the plaintiff of his civil rights and by being a participant of the conspiracy to obstruct justice.

(rec. doc. 1).

The court broadly construes plaintiff's complaint by interpreting these allegations as an attempt to impose liability on Races and Aces/The Old Evangeline Downs under Section 1983 for "conspiring to deprive plaintiff of his civil rights." "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-1370 (5th Cir. 1987). Plaintiff's complaint fails to plead any facts that would suggest that Races and Aces/The Old Evangeline Downs was involved in a conspiracy with any of the defendants who would qualify as "state actors" in this matter. <u>See</u> *Ballard*, 413 F. 3d 519, citing *Lugar,* 457 U.S. at 931, 102 S.Ct. 2744. Further, because there are no facts alleged to suggest that Races and Aces/The Old Evangeline Downs was a party to or had an interest in the outcome of the criminal proceeding in which plaintiff alleges that he was improperly charged and prosecuted, there is no evidence to suggest that plaintiff could amend his complaint to plead facts that would support a

conspiracy between Races and Aces/The Old Evangeline Downs and a state actor; therefore, plaintiff's claims should be dismissed as frivolous.

Plaintiff also alleges a claim under Section 1985(3), which prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race. 42 U.S.C. §1985(3); See Jackson v. *Biedenharn,* 429 Fed. Appx. 369 (5th Cir. 2011), citing *Griffin v.* Breckenridge, 403 U.S. 88, 102-103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); see also *Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002). In order to state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States. *Lockett v. New Orleans City*, 607 F.3d 992 (5th Cir. 2010), citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994). Additionally, the conspiracy must also have a racially based animus. Id. at 653.

As previously explained, plaintiff's complaint does not contain facts to support a "conspiracy." Plaintiff's complaint also lacks facts to support allegations that defendants engaged in their conduct because of plaintiff's race. Accordingly, plaintiff's Section 1985(3) claim should also be dismissed as frivolous. In addition, the Fifth Circuit has held that a valid Section 1985 claim is a prerequisite to a Section 1986 claim. See *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000). Thus, because plaintiff does not have a Section 1985(3) claim, he cannot maintain a Section 1986 claim.

Finally, plaintiff brings a claim under Section 1988 for the recovery of his attorney's fees. Section 1988 allows a "prevailing party" in a civil rights action to recover attorney's fees as part of his costs. See 28 U.S.C. §1988(b). Plaintiff's claims brought against

Scherell Brown, Vanassa Johnson, and Races and Aces/The Old Evangeline Downs pursuant to Sections 1983, 1985(3) and 1986 have all been dismissed; therefore, plaintiff is not the "prevailing party" and cannot recover his attorney's fees incurred in pursuing his claims against these defendants. Plaintiff's Section 1988 claim, therefore, should be dismissed as frivolous.

Plaintiff's complaint seeks declaratory judgment against all defendants under 18 U.S.C. §241 and §242 and 42 U.S.C. §14141. The court notes that 18 U.S.C. §241 and §242 provide for a means of imposing criminal liability and do not provide for a private right of action by the plaintiff for a claim for civil liability. See *Durso v. Summer Brook Preserve Homeowners Ass'n*, 641 F.Supp.2d 1256 (M.D. Fla. 2008). The court further notes that a cause of action under 42 U.S.C. §14141 may be brought by the Attorney General on behalf of the United States, not by a private litigant. See 42 U.S.C. §14141(b). Thus, plaintiff's claims against Scherell Brown, Vanassa Johnson, and Races and Aces/The Old Evangeline Downs pursuant to 18 U.S.C. §241 and §242 and 42 U.S.C. §14141 should be dismissed as frivolous.

Finally, plaintiff also seeks to invoke the supplemental jurisdiction of this court by alleging claims under La. Civil Code Article 2315, 2316, and 2320. It is unclear whether these claims are asserted against Races and Aces/The Old Evangeline Downs, Scherell Brown, or Vanassa Johnson, however, district courts may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case,

inasmuch as the court recommends dismissal of the plaintiff's federal claims against these defendants, it is appropriate that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims as well.

Accordingly,

**IT IS RECOMMENDED** that the motion to vacate order granting motion to dismiss (rec. doc. 81) should be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims against Races and Aces/The Old Evangeline Downs, L.L.C, Scherell Brown, and Vanassa Johnson and that pursuant to 28 U.S.C. §1915(e), plaintiff's claims against Race and Aces/The Old Evangeline Downs, L.L.C., Scherell Brown, and Vanassa Johnson should be **DISMISSED** as frivolous.

Signed in Baton Rouge, Louisiana, on June 7, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TONY CHANEY**                                      **CIVIL ACTION**

**VERSUS**                                           **NUMBER 11-399-JJB-DLD**

**RACES AND ACES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 7, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**