UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY CHANEY

VERSUS

RACES AND ACES, ET AL.

CIVIL ACTION

NO. 11-399-JJB-RLB

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the court on the Defendant Tracer Security Services, Inc.'s ("TSSI") Motion (doc. 110) to Dismiss pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e). As part of its Motion (doc. 110), TSSI has adopted its prior Motion (doc. 99) to Dismiss, its Memorandum (doc. 99-1) in Support, and its prior Reply (doc. 105). Plaintiff Tony Chaney filed an Opposition (doc. 115) to Defendant's Motion to Dismiss. Defendant attached additional, external materials to his Opposition (doc. 115). This Court has excluded and refused to consider such materials in making its determination. *See* Fed. R. Civ. P. 12(d). Oral argument is not required. Defendant's prior Motions (docs. 99 and 109) to Dismiss are now moot. For the reasons stated herein, the Court **GRANTS** the Motion (doc. 110) to Dismiss.

Background

The following facts are taken from the Report and Recommendation (doc. 85) previously issued by the Magistrate Judge, which this Court adopted in a prior ruling (doc. 89) dismissing three other defendants from the present matter:

> Plaintiff's complaint alleges that on June 15, 2010, while sitting on the horse racing side of The Old Evangeline Downs casino at 8:30 a.m., waiting for that part of the casino to open at 11:00 a.m., he was approached by security guard, Peter Cook, and asked to move (rec.doc.1). After moving to another section of the horse racing side of the casino, plaintiff was informed by Cook that "We Reserve the Right to Refuse Service" and that plaintiff should leave because the police had been called by the casino. *Id.* Plaintiff was later arrested by West Baton Rouge Parish Deputy Kenneth Albarez and transported to the West Baton Rouge Parish

1

jail. In the process of the arrest, defendant Albarez allegedly called plaintiff a "John" and a "Nigg—," forced him to listen to loud music, and threw away personal items that belonged to plaintiff. *Id.* While in custody at the jail, plaintiff was allegedly held in isolation until he agreed to submit to DNA testing, was involved in a fight with other inmates that resulted in a permanent disability, and was held without being informed of the charges against him. The complaint alleges that West Baton Rouge Parish District Attorney Richard Ward, Jr. charged and prosecuted plaintiff for crimes that are "not recognized in Louisiana jurisprudence" based on fraudulent "Affidavits of Probable Cause" executed by defendant Ward and defendant Patty Webb, an individual employed by the West Baton Rouge Parish Sheriff's Office. The complaint also alleges that Tracer Security, Inc. and Races and Aces/The Old Evangeline Downs, L.L.C. and its employees failed to respond to subpoenas issued in connection with plaintiff's criminal prosecution that would have provided "proof of the existence or non-existence of any criminal activity and the fraudulent activities of Peter Cook, Scherell Brown, Patty Webb, and Kenneth Albarez." *Id.*

On June 14, 2011, plaintiff filed a civil rights action against various defendants, including Races and Aces/The Old Evangeline Downs, L.L.C., Tracer Security, Inc., Peter Cook, Vanassa Johnson, Scherell Brown, West Baton Rouge Deputy Kenneth Albarez, West Baton Rouge District Attorney Richard J. Ward, Jr., Patty Webb, West Baton Rouge Sheriff Mike Caze, and one Unknown Correctional Employee (rec.doc.1).[1]

(Doc. 85, p. 1−2).

Plaintiff avers in his amended complaint that Defendant TSSI "knew their employee[] [was] guilty of making false allegations that [he] had witnessed some type of criminal activity on June 15, 2010" and Defendant "knew the exculpatory information (the subpoena information) would shed light on whether the plaintiff had committed or been a participant in the alleged crimes that he was accused of." (Doc. 108, p. 10, ¶¶ 34−35). Furthermore, Plaintiff alleges that Peter Cook, an employee of TSSI, committed some wrong by telling Plaintiff "we reserve the right to refuse service," and Defendant TSSI "attempted to cover-up their criminal action and those of Peter Cook by having him resign on June 20, 2010, five (5) days after the incident of

---

[1] Defendants as named in the complaint are as follows: Races and Aces [The Old Evangeline Downs], Tracer Security, Inc., Peter Cook, in his individual capacity, Vanassa "Cookie" Johnson, individually and in her official capacity as assistant manager of Races and Aces, Scherell Brown, in her individual capacity, West Baton Rouge Deputy Kenneth Albarez, individually and in his official capacity, West Baton Rouge District Attorney, Richard J. Ward, Jr., for the Eighteenth Judicial District, Parish Of West Baton Rouge Parish, in his official capacity, Patty Webb, individually and in her official capacity, West Baton Rouge Sheriff Mike Caze, in his official Capacity, and one unknown Correctional Employee.

June 15, 2010 and then rehired him after November 5, 2010, the scheduled criminal court date." (Doc. 108, p. 11, ¶¶ 36−37). Finally, Defendant TSSI "knowingly and intentionally conspired to deprive the plaintiff of his civil rights guaranteed by the federal and state constitutions by refusing to provide exculpable evidence extinguishing the criminal prosecution that was tainted by false testimony." (Doc. 108, p. 11−12, ¶ 41).

Plaintiff claims that Defendant TSSI, individually and collectively with other defendants, violated 28 U.S.C. §§ 1331, 1343, 2201, 2202; 42 U.S.C. §§1983, 1985, 1986, 1988, 14141; and 18 U.S.C. §§ 241 and 242. (Doc. 108, p. 7−8, ¶ 20). Also, Plaintiff claims Defendant TSSI, individually and collectively with other defendants, violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments, as well as his Commerce Clause rights. *Id.* Finally, Plaintiff claims Defendant TSSI, individually and collectively with other defendants, violated Louisiana Civil Code articles 2315, 2316, and 2320. *Id.* In addition to an award of personal damages, Plaintiff seeks a declaratory judgment finding that each of the named defendants, including TSSI, violated the aforementioned provisions. (*See* Doc. 108, p. 12−13, ¶¶ 1−5).

On August 6, 2012, this Court issued a Ruling (doc. 89) dismissing three defendants from the present matter pursuant to 28 U.S.C. § 1915(e). The three defendants were Races and Aces/The Old Evangeline Downs, L.L.C., Scherell Brown, and Vanassa Johnson. Subsequently, Defendant TSSI filed a Motion (doc. 110) to Dismiss, pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e).

**Analysis**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept all well-pleaded facts in the complaint as true.

3

*C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).[2]

1. <u>42 U.S.C. § 1983</u>

"Section 1983 provides a remedy if the deprivation of federal rights takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,' more commonly known as the 'under color of state law' or 'state action' requirement." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982)). "In *Lugar*, the Supreme Court set forth a two-part test for determining whether the deprivation of a federal right could fairly be attributable to the state: (1) 'the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible'; and (2) 'the party charged with the deprivation must be a person who may fairly be said to be a state actor,' and '[t]his may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). "Private individuals generally are not considered to act under color of law, i.e., are not considered state actors . . . ." *Id.* (citing *Lugar*, 457 U.S. at 937).

---

[2] No analysis will be conducted with regards to Plaintiff's "claims" under 28 U.S.C. §§ 1331, 1343, 2201, and 2202, as these are procedural statutes covering jurisdiction and forms of relief, and thus, do not provide any actual claims.

4

"Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150−52 (1970)).

Whether the defendants acted "under the color of law" and are subject to liability under Section 1983 depends on plaintiff's allegations. With respect to Defendant TSSI, the Plaintiff has failed to allege facts to show how Defendant TSSI is a "state actor"; TSSI is a "private corporation" and there are no other factors tending to show it is a "state actor." (Doc. 108, p 3, ¶ 3). Plaintiff attempts to show Defendant TSSI acted "under color of law" by alleging it "knowingly and intentionally conspired to deprive the plaintiff of his civil rights guaranteed by the federal and state constitutions by refusing to provide exculpable evidence extinguishing the criminal prosecution that was tainted by false testimony." (Doc. 108, p. 11−12, ¶ 41). This Court broadly construes Plaintiff's complaint by interpreting these allegations as an attempt to impose liability on Defendant TSSI under 42 U.S.C. § 1983 for "conspiring to deprive plaintiff of his civil rights." "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369–1370 (5th Cir. 1987). Plaintiff's complaint fails to plead any facts that would suggest that Defendant TSSI was involved in a conspiracy with other defendants or other entities that would qualify as "state actors." See *Ballard*, 413 F.3d at 518. Further, because there are no facts alleged to suggest that Defendant TSSI was a party to or had an interest in the outcome of the criminal proceeding in which Plaintiff alleges that he was improperly charged and prosecuted, there is no evidence to suggest that Plaintiff could amend his complaint to plead facts that would support a conspiracy between

Defendant TSSI and a state actor. Therefore, Plaintiff's Section 1983 claim against Defendant TSSI must be dismissed pursuant to Rule 12(b)(6).

2. <u>42 U.S.C. §§ 1985, 1986, and 1988</u>

Plaintiff also asserts a claim under 42 U.S.C. § 1985. Of relevance to this particular case, "Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race." *Jackson v. Biedenharn,* 429 F.App'x 369, 372 (5th Cir. 2011). *See also* 42 U.S.C. § 1985(3). "To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)). "Additionally, the conspiracy must also have a racially based animus." *Id.* (citing *Hilliard*, 30 F.3d at 653). As aforementioned, Plaintiff's complaint does not contain sufficient facts to support a "conspiracy." The complaint also lacks facts to support a finding that any alleged "conspiracy" by Defendant TSSI had a racially-based animus. Therefore, Plaintiff's 42 U.S.C. § 1985 claim must be dismissed.

Plaintiff also brings claims under 42 U.S.C. §§ 1986 and 1988. The Fifth Circuit has held that "a valid § 1985 claim is a prerequisite to a § 1986 claim." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000). Thus, because Plaintiff's claim under 42 U.S.C. § 1985 must be dismissed, the Plaintiff also cannot maintain a Section 1986 claim. Turning to 42 U.S.C. § 1988, this section allows a "prevailing party" in a civil rights action to recover attorney's fees as part of his costs. 42 U.S.C. § 1988(b). As shown above, Plaintiff's claims under Sections 1983,

1985, and 1986 have all been dismissed. Accordingly, Plaintiff is not a "prevailing party," and thus, he cannot recover pursuant to 42 U.S.C. § 1988.

3. <u>18 U.S.C. §§ 241 and 242</u>

Plaintiff also brings claims under 18 U.S.C. §§ 241 and 242, but, just like the above claims, these claims must also be dismissed. Both "18 U.S.C. §§ 241 and 242 do not provide a basis for civil liability." *Gill v. State of Texas*, 153 F.App'x 261, 262 (5th Cir. 2005) (per curiam). "[T]he statutes do not provide for a private right of action." *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) (per curiam). Both Section 241 and 242 are criminal statutes in nature, and therefore, do not provide for civil remedies. *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). Accordingly, because neither statute allows for civil remedies, Plaintiff's claims under 18 U.S.C. §§ 241 and 242 also must be dismissed.

4. <u>42 U.S.C. § 14141</u>

Additionally, Plaintiff's claim under 42 U.S.C. § 14141 fails because this claim may only be brought by "the Attorney General, for or in the name of the United States." 42 U.S.C. § 14141(b). As Plaintiff does not satisfy this basic requirement, his claim under Section 14141 must be dismissed under Rule 12(b)(6).

5. <u>Louisiana State Law Claims (Civil Code Articles 2315, 2316, and 2320)</u>

Finally, Plaintiff brings additional state law claims against Defendant TSSI under Louisiana Civil Code articles 2315, 2316, and 2320. As has been shown above, all federal claims asserted against Defendant TSSI have been dismissed. Under the supplemental jurisdiction statute, a district court can decline to exercise supplemental jurisdiction over state law claims if it dismisses "all claims over which it has original jurisdiction" or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). In the instant

case, all of the federal claims against Defendant TSSI have been dismissed, and therefore, this Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims against Defendant TSSI. Furthermore, based on the facts alleged by Plaintiff, this Court finds that Plaintiff would be unable to sustain a cause of action against Defendant TSSI under the relevant Louisiana Civil Code articles.

## Conclusion

Therefore, Defendant Tracer Security Services, Inc.'s Motion (doc. 110) to Dismiss is **GRANTED**. Defendant Tracer Security Services, Inc. is hereby dismissed from the lawsuit.

Additionally, in order to bring some semblance of certainty to these proceedings, the <u>only</u> potentially viable issues remaining are:[3]

1. 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988 claims against (1) Kenneth Albarez, (2) Richard J. Ward, Jr., (3) Patty Webb, and (4) Mike Caze; and

2. Louisiana Civil Code article 2315, 2316, and 2320 claims against (1) Kenneth Albarez, (2) Richard J. Ward, Jr., (3) Patty Webb, and (4) Mike Caze.

Signed in Baton Rouge, Louisiana, on September 20, 2013.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[3] Issues were never properly joined as to Peter Cook. (*See* Doc. 55).