UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TONY CHANEY

CIVIL ACTION

VERSUS

NO. 11-399-JJB-RLB

RACES AND ACES, ET AL.

### RULING

This matter is before the Court on the following motions: (1) Plaintiff Tony Chaney's Partial Motion [doc. 134] for Summary Judgment; (2) Defendants Mike Caze, Kenneth Albarez, and Patty Webb's Motion [doc. 136] for Summary Judgment; and (3) Defendant Richard J. Ward, Jr.'s Motion [doc. 139] for Summary Judgment. The defendants opposed the plaintiff's motion, whereas the defendants' motions are unopposed. (*See* docs. 137 & 138). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court: (1) **DENIES** Plaintiff Tony Chaney's Partial Motion [doc. 134] for Summary Judgment; (2) **GRANTS** Defendants Mike Caze, Kenneth Albarez, and Patty Webb's Motion [doc. 136] for Summary Judgment; and (3) **GRANTS** Defendant Richard J. Ward, Jr.'s Motion [doc. 139] for Summary Judgment.

1.  Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-

moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2.  Plaintiff Tony Chaney's Partial Motion for Summary Judgment (Doc. 134)

After considering the plaintiff's motion and reply, the Court must deny the motion. The plaintiff fails to present a modicum of evidence to support his claims. Instead, the plaintiff relies on conclusory allegations and unsubstantiated assertions. Therefore, the plaintiff fails to establish that there is no genuine issue of material fact as to his claims. Accordingly, based on the sheer lack of evidence presented to this Court to justify the plaintiff's claims, the Court must deny the motion for summary judgment.

3.  Defendants Mike Caze, Kenneth Albarez, and Patty Webb's Motion for Summary Judgment

(Doc. 136)

After reviewing the relevant documents and submitted evidence, and based on the plaintiff's failure to oppose the motion or submit evidence that raises a genuine issue of material fact, the Court must grant the defendants' motion for summary judgment. For the reasons provided in the motion, the Court finds that there is no genuine issue of material fact as to all claims against Defendants Mike Caze, Kenneth Albarez, and Patty Webb. Accordingly, judgment must be granted as a matter of law in favor of these defendants.

4.  Defendant Richard J. Ward, Jr.'s Motion for Summary Judgment (Doc. 139)

Similarly, for the reasons provided in the unopposed motion for summary judgment, this Court finds there is no genuine issue of material fact, and Defendant Richard J. Ward, Jr. is entitled to summary judgment as a matter of law.

5.  Failure to Make Proper Service on Defendant Peter Cook

After reviewing the record, the Court notes that the only remaining individual listed as a defendant is Mr. Peter Cook. Plaintiff previously attempted to make service on Mr. Cook through serving Clifton J. Redlich as an agent for service of process. (Doc. 40, p. 1). Nonetheless, it does not appear that Mr. Redlich was even an agent for service as to Mr. Cook. Furthermore, service apparently was not even made on Mr. Redlich; rather, Sarah Ann Redlich was served with process. (Doc. 42, p. 1). At that time, both the defendants and the Court notified the plaintiff that service had not been properly made on Mr. Cook. (*See* docs. 54 & 55). Subsequently, the plaintiff did not attempt to make proper service on Mr. Cook. Accordingly, as it has been almost three years since the inception of this lawsuit, and pursuant to Rule 4(m) of

the Federal Rules of Civil Procedure, the Court *sua sponte* dismisses Mr. Peter Cook from this lawsuit for failure to properly make timely service.

6.   Failure to Attempt Service on "Unknown Correctional Officer"

After almost three years, the plaintiff has never even attempted to make service on the "unknown correctional officer." Accordingly, the "unknown correctional officer" has never been made a party to this action. Accordingly, the Court dismisses all claims against the "unknown correctional officer."

7.   Warning of Future Sanctions as to Plaintiff Tony Chaney

The Court notes that this entire lawsuit appears frivolous and wholly unsubstantiated. This is not the first time the plaintiff filed an apparently frivolous lawsuit with this Court. *See Chaney v. Louisiana Work Force Commission, et al.*, 13-cv-241-JJB-RLB.

Furthermore, in his reply, the plaintiff seeks to disqualify the entire panel of jurors of this Court. (Doc. 141-1, p. 9). Specifically, the plaintiff contends that "[t]his court has allowed various law enforcement agencies to employ unnecessary surveillance in order to allow the defendants [to] acquire an advantage they could not possibly achieve." *Id.* According to the plaintiff, these include "[t]he use of airplanes, helicopter, drones and following plaintiff in cars and on the bus and using entrapment methods . . . ." *Id.* However, the plaintiff noticeably fails to support this claim with any evidence or a modicum of proof, other than his absolutely baseless and inflammatory allegations. The Court refuses to dignify these claims with a response, as they are wholly unfounded. Furthermore, the Court notes that this is not the first time the plaintiff has made these same allegations before this Court, and the Court denied the plaintiff's request on that previous occasion. (*See* docs. 129 & 133).

4

"In accordance with the Fifth Circuit's instructions, sanctions are necessary and warranted to control this court's docket and maintain the orderly administration of justice." *Thibeaux v. Cain*, 2012 WL 832432, at *3 (M.D. La. Feb. 29, 2012) (citing *Dilworth v. Box*, 53 F.3d 1281 (5th Cir.1995); *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993); *Moody v. Miller*, 864 F.2d 1178, 1179 n.2 (5th Cir. 1991)). "Sanctions which may be imposed include monetary sanctions, assessment of court costs, suspension of the plaintiff's right to proceed *in forma pauperis* until previous litigation sanctions and costs are paid, a requirement that the plaintiff obtain judicial pre-approval for all future *pro se* filings, or other appropriate sanctions." *Id.* (citing *Dilworth*, 53 F.3d 1281; *Mendoza*, 989 F.2d 191; *Moody*, 864 F.2d at 1179 n.2; *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1991)). The Court is hereby formally warning Plaintiff Tony Chaney that upon the filing of additional frivolous or unsubstantiated lawsuits or pleadings, the Court is prepared to implement appropriate sanctions to quell this practice, up to and including prohibiting Plaintiff Tony Chaney from filing any future *pro se* filings without prior judicial approval.

## Conclusion

Therefore, for the reasons provided, the Court: (1) **DENIES** Plaintiff Tony Chaney's Partial Motion [doc. 134] for Summary Judgment; (2) **GRANTS** Defendants Mike Caze, Kenneth Albarez, and Patty Webb's Motion [doc. 136] for Summary Judgment; and (3) **GRANTS** Defendant Richard J. Ward, Jr.'s Motion [doc. 139] for Summary Judgment. Accordingly, all claims against Defendants Peter Cook, Mike Caze, Kenneth Albarez, Patty Webb, and Richard J. Ward, Jr. are hereby **DISMISSED**.

Additionally, the Court **DISMISSES** all claims against Defendant Peter Cook—pursuant to Rule 4(m)—for failure to properly make timely service.

Finally, all claims against "unknown correctional officer" are **DISMISSED**.

Signed in Baton Rouge, Louisiana, on March 24, 2014.

 

 

_____

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**